UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MYRON SANDOVAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METRO EAST INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | Case No. 3:20-cv-00452 |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, MYRON SANDOVAL ("Plaintiff"), by and through his attorneys of record, and complains of METRO EAST INDUSTRIES, INC. ("MEI") as follows:

**NATURE OF THE ACTION**

1. On May 29, 2018, 19-year old Myron Sandoval suffered catastrophic injuries while working as a loader / unloader at the BNSF automotive railyard in Richmond, California. While Mr. Sandoval and his co-workers operated a manual winch to raise the hinging B-deck of BNSF railcar 314110, the winch cable system failed causing the deck to fall upon Plaintiff.

2. This is an action for personal injuries and economic damages suffered by Plaintiff as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with its repair of BNSF railcar 314110.

**THE PARTIES**

3. Plaintiff Myron Sandoval is an individual and a citizen of California, who resides in San Pablo, California.

4. Defendant Metro East Industries, Inc. is an Illinois corporation with its principal place of business located at 3126 Missouri Avenue, East St. Louis, Illinois, 62205.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is properly set in this district pursuant to 28 U.S.C. §1391(b) since Defendant resides in this judicial district.

7. The Court has general personal jurisdiction over Defendant because MEI is incorporated in Illinois and its principal place of business is in Illinois.

## FACTUAL ALLEGATIONS

8. On or about November 30, 2016, BNSF Railway Car Number 314110 arrived at Tennessee Autorack LLC ("TAR") in Gallatin, Tennessee to replace a broken deck cable. TAR replaced the broken deck cable with an original equipment manufacturer cable. TAR conducted a final inspection of BNSF Railway Car Number 314110, including the hinging B-decks, the deck winches, cables, and related equipment of the A-Unit and B-Unit and found it to be in working order and free of exceptions and nonconformances.

9. On or about January 3, 2017, BNSF Railway Car Number 314110 was released for service. On or about January 3, 2017, TAR invoiced BNSF for the repair work.

10. On or about February 3, 2017, BNSF Railway Car Number 314110 arrived at MEI in East St. Louis, Illinois for repair work.

11. MEI performed work on, among other things, the hinging B-decks, the deck winches, cables, and related equipment of the A-Unit and B-Unit of BNSF Railway Car Number 314110.

12. On or about February 16, 2017, BNSF Railway Car Number 314110 was released

for service.  Plaintiff is informed and believes that MEI invoiced BNSF for the repair work.

13.     BNSF's car repair billing for BNSF Railway Car Number 314110 indicates that the hinging B-decks, deck winches, cables, and related equipment of the A-Unit and B-Unit of BNSF Railway Car Number 314110 were not serviced, adjusted, replaced or repaired again until after May 29, 2018.

14.     On or about May 29, 2018, Plaintiff Mr. Sandoval was employed by American Auto Works, LLC.  On that date, Plaintiff Mr. Sandoval and his co-workers were working at the BNSF automotive railyard located at 980 Hensley Street in the City of Richmond, County of Contra Costa, State of California.

15.     On May 29, 2018, Plaintiff Mr. Sandoval was working inside BNSF Railway Car Number 314110, in connection with the job duties he was performing for American Auto Works, LLC.

16.     On or about May 29, 2018, Plaintiff Mr. Sandoval and his co-workers were unloading vehicles from BNSF Railway Car Number 314110 at the BNSF railyard in Richmond, California, in connection with their work for American Auto Works, LLC. While Mr. Sandoval and his co-workers operated a winch to raise the hinging B-deck of BNSF railcar 314110, the winch cable system failed, causing the hinging B-deck to fall upon Plaintiff.

## COUNT I
## COMMON LAW NEGLIGENCE

17.     Plaintiff Mr. Sandoval re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

18.     Defendant owed a duty of care to all foreseeable people, invitees and guests of BNSF Railway Car Number 314110, including Plaintiff Mr. Sandoval, to adjust, repair, replace and install the hinging B-decks, winches, cables, and related equipment on BNSF Railway Car

Number 314110 in a reasonable manner.

19. Defendant improperly adjusted, repaired, replaced and installed the hinging B-decks, winches, cables, and related equipment on BNSF Railway Car Number 314110 in an unsecure, unsafe and negligent manner, including, but not limited to, failing to replace frayed winch cables; manufacturing cable assemblies not fit for intended purposes; installing cable assemblies not fit for intended purposes; improperly installing cable assemblies; failing to inspect the hinging B-decks for defects such as cables rubbing on metal and misrouting cables; failing to inspect lock bars for straightness; and failing to inspect the pawl and pawl spring for alignment and function.

20. Defendant improperly adjusted, repaired, replaced and installed the hinging B-decks, winches, cables, and related equipment on BNSF Railway Car Number 314110 in a manner that had a propensity for the hinging B-deck to fail.

21. Plaintiff is informed and believes that Defendant did not use original equipment manufacturer parts while performing work on BNSF Railway Car Number 314110.

22. As a direct and proximate result of the negligence of Defendant in the adjusting, repairing, replacing and installing of the hinging B-decks, winches, cables, and related equipment on BNSF Railway Car Number 314110, Plaintiff Mr. Sandoval suffered injuries on May 29, 2018, when he was struck by the hinging B-deck when the cable operating the winch system of the hinging B-deck and related safety mechanisms associated with the hinging B-deck failed, among other failures, causing the hinging B-deck to fall upon Plaintiff.

23. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff Mr. Sandoval has suffered physical injuries, including a concussion and other brain injuries, a fractured spine, mental and physical pain and suffering, and other injuries, all to his

general damage in an amount substantially in excess of $75,000.00, the jurisdictional requirement for diversity jurisdiction in this Court.

24.    As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff was required to and did employ physicians and surgeons to examine, treat and care for Plaintiff and did incur medical expenses in a presently unascertained amount.  Plaintiff will amend this Complaint to insert that amount when it has been ascertained.

25.    As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff sustained a loss of income and injury to his earning capacity in a presently unascertained amount.  Plaintiff will amend this Complaint to insert that amount when it has been ascertained.

WHEREFORE, Plaintiff MYRON SANDOVAL demands judgment against Defendant for the appropriate compensatory damages, interest at the legal rate, costs and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial.


Respectfully Submitted,

LAW OFFICES OF JOHN E. HILL A.P.C.

By:    /s/ Scott H. Levy

John E. Hill (*pro hac vice* pending)
johnhill@hill-law-offices.com
California Bar No. 45338
Scott H. Levy
scotthlevy@hill-law-offices.com
California Bar No. 315862
333 Hegenberger Road, Suite 500
Oakland, California 94608

510-588-1000 telephone
510-633-2504 facsimile

*Attorneys for Plaintiff*

Anthony S. Petru (*pro hac vice* pending)
petru@hmnlaw.com
California Bar No. 91399
Carole M. Bosch (*pro hac vice* pending)
bosch@hmnlaw.com
California Bar No. 239790
HILDEBRAND MCLEOD & NELSON LLP
350 Frank H. Ogawa Plaza
4th Floor
Oakland, California 94612
510-451-6732 telephone
510-465-7023 facsimile

*Attorneys for Plaintiff*

6